**ERISA Civil Violations**

Examples include:

- Failing to operate the plan prudently and for the exclusive benefit of participants.
- Using plan assets to benefit certain related parties to the plan, including the plan administrator, the plan sponsor, and parties related to these individuals.
- Failing to properly value plan assets at their current fair market value, or to hold plan assets in trust.
- Failing to follow the terms of the plan (unless inconsistent with ERISA).
- Failing to properly select and monitor service providers.
- Taking any adverse action against an individual for exercising his or her rights under the plan (e.g. being fired, fined, or otherwise being discriminated against).

FILED IN CLERKS OFFICE
2012 MAY 31 P 10: 40
U.S. DISTRICT COURT

**Subject:** Your e-mail to the Department of Labor

**From:** Radcliff, Lesley - EBSA (Radcliff.Lesley@dol.gov)

**To:** cfreier2003@yahoo.com;

**Date:** Thursday, April 5, 2012 9:50 AM

This is in reply to your e-mail to the Department of Labor concerning the denial of a joint and survivor's benefit from your late husband's former employer, Raytheon Company.

The Employee Retirement Income Security Act of 1974 (ERISA) protects the pension benefits of employees and retirees in private-sector plans. If a plan participant dies while being partially or fully vested (that is, had earned a right to benefits), the participant's spouse generally is entitled to survivor benefits unless the participant and spouse had rejected survivor coverage in writing.

A member of my staff, Benefits Advisor Lesley Radcliff, contacted Mr. Malcolm E. Hindin, Senior Corporate Counsel, Employee Benefits for Raytheon Company, to inquire why you are being denied survivor benefits. Mr. Hindin informed Ms. Radcliff that your late husband elected the 10 Year Certain & Continuous with a Social Security Adjustment Option. Your late husband received over 120 monthly payments prior to his death, there is no further benefit due. In the August 27, 2010 letter to you from Mr. Ched Miller, Secretary, Benefit Appeals Committee, stated, while your late husband was receiving the Ten Year Certain and Continuous Annuity, your late husband never questioned whether that was the form of benefit that he had chosen. As stated in the denial letters sent to you, if you wish to contest the Committee's decision, you have the right to bring civil action under Section 502(a) of ERISA.

While the Department of Labor attempts to provide information to plan participants and beneficiaries about their rights under ERISA, we do not make judgments regarding factual disputes between various parties involved in employee benefit plans. Such disputes must be resolved through appropriate proceedings in a court of law as all of your appeals have been denied.

I hope this information is helpful to you.

Sincerely,

Ms. Lesley Radcliff
Benefits Advisor

**Raytheon**

Kathryn Gilchrist Simpson
Vice President, Legal -
Corporate Transactions & Governance
781.522.3078
781.522.3332 fax
Kathryn_g_simpson@raytheon.com

Raytheon Company
Executive Office
870 Winter Street
Waltham, Massachusetts
02451  USA

October 25, 2010

Mrs. Cheryl Freier
22 Pumpkin Pine Road
Natick, MA 01769

Re:  Letter on Assignment of Pension Rights

Dear Mrs. Freier:

I am responding to your letters to Raytheon Company Directors Ronald Skates, Linda Stuntz, Frederic Poses and William Spivey, concerning your request for reconsideration of the denial of your claim for continuation of your late husband's pension benefits.

I understand that you previously submitted a request for review of your claim to Raytheon's Benefit Appeals Committee and that the claim was denied on August 27, 2010. Under the procedures established by the Raytheon Company Pension Plan for Salaried Employees Plan Document entitled "Claims Procedure", which you previously received, and under the Employee Retirement Income Security Act, which is the law that governs claims for benefits, the Benefit Appeals Committee has the final authority to decide appeals of claims for benefits. As such, the Board of Directors is not in a position to review that decision. They have been informed of your letter, however, and your request for reconsideration has been referred to the Benefits Appeals Committee, who will independently determine whether reconsideration is appropriate.

On behalf of the Company, I extend my sympathies for the loss of your husband. We are greatly appreciative of his years of service to the Company. Please be assured that your claim has received and your request for reconsideration will receive all due consideration.

Sincerely,

*Kathryn G Simpson*

cc:    Ched D. Miller



P. O. Box 7825
Ocala, FL 34478-7825
1-800-358-1231
https://raytheon.benefitcenter.com

June 19, 2009

Cheryl Freier
22 Pumpkin Pine Road
Natick, Ma 01760

Dear Mrs. Freier:

This letter is in response to your request for a copy of your husband's Application for Retirement from the Raytheon Company Salaried Pension Plan. Upon review of our records, we find he chose a Ten Year Certain and Continuous benefit with the Social Security Adjustment option. Based on this option, at the time of his death on January 07, 2006, there was no continuing benefit payable to a beneficiary.

For your reference, enclosed you will find a copy of his application, which he sign and dated on May 12, 1992 and an explanation from the Summary Plan Document of the option he chose.

Should you have any further questions, please contact the Raytheon Benefit Center at 1-800-358-1231, or write:

                Raytheon Benefit Center
                P.O. Box 7825
                Ocala, FL 34478-7825

Sincerely,

Raytheon Benefit Center



Case 1:12-cv-10969-WGY   Document 1-2   Filed 05/31/12   Page 5 of 7

**PENSION**

Similarly, if you elect to provide a 75% Joint and Survivor Annuity for your named beneficiary, your Single Life Annuity is reduced to 85% — plus or minus 1/16 of 1% for each month your beneficiary is older or younger than you are. If you elect to provide a 66-2/3% Joint and Survivor Annuity for your named beneficiary, your Single Life Annuity is reduced to 87% — plus or minus 1/18 of 1% for each month your beneficiary is older or younger than you are.

Your pension payment under any of the Joint and Survivor Annuity Options cannot exceed the amount calculated as a Single Life Annuity.

be less than 50% of the amount payable as a Single Life Annuity (unless you are married and the beneficiary is your spouse).

- **Ten-year Certain and Continuous Option** — which provides a reduced monthly payment for as long as you live — with a minimum of 120 payments.

  If you die before the end of the 120-month period, payments will continue to your beneficiary for the rest of the 120-month period.

  If you survive this 120-month period, your monthly benefit will continue to be paid to you for as long as you live. However, no further payments will be made after your death.

  Note: If you select the Ten-year Certain and Continuous Option, you may name a new beneficiary at any time. If you die without a beneficiary, any payments due after your death will go to your family or estate as specified in the Plan.

| AGE REDUCTION CHART | |
|---|---|
| Age at pension benefit commencement | Percentage of pension benefit paid under Ten-year Certain and Continuous Option |
| 65 or over | 91.0% |
| 64 | 92.0% |
| 63 | 93.0% |
| 62 | 94.0% |
| 61 | 95.0% |
| 60 | 95.5% |
| 59 | 96.0% |
| 58 | 96.3% |
| 57 | 96.6% |
| 56 | 96.9% |
| 55 | 97.2% |

- **Social Security Adjustment Option** — which provides an increased monthly payment until you reach age 62; your pension then is reduced afterwards. Age 62 is the earliest age at which you can have your Social Security retirement payments begin.

  To be eligible for this option, you must be eligible to retire:

  — from the active payroll;
  — from an approved leave of absence; or
  — within four years of layoff.

  In addition, your pension payments must begin before you reach age 62, and if you are married, you must have the written consent of your spouse.

  The purpose of the Social Security Adjustment Option is to provide you with a level income before and after your Social Security payments begin. However, if post-retirement increases in the level of benefits are provided under Social Security, your total income may increase slightly after age 62.

  Note: The Social Security Adjustment Option may be combined with any one of the other options.



7

**Raytheon**

Kathryn Gilchrist Simpson
Vice President, Legal -
Corporate Transactions & Governance
781.522.3078
781.522.3332 fax
Kathryn_g_simpson@raytheon.com

Raytheon Company
Executive Office
870 Winter Street
Waltham, Massachusetts
02451  USA

December 17, 2010

Mrs. Cheryl Freier
22 Pumpkin Pine Road
Natick, Ma 01760

Re:  Letter of December 8, 2010

Dear Mrs. Freier

Thank you for your letter of December 8, 2010.  In response to your questions concerning next steps in the process of pursuing your claims with respect to your late husband's pension benefits, I have contacted the Raytheon Benefits Appeals Committee.  As stated in my earlier correspondence, the Committee was provided with your request for reconsideration of the denial of your claim.  I am informed that the Committee will communicate with you further in the near future.

Best wishes for a peaceful holiday season.

Sincerely